David H. Bundy
DAVID H. BUNDY, P.C.
310 K Street, Suite 200
Anchorage, AK 99501
(907) 248-8431
Attorney for Debtor



Filed on 3/9/2010

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| ALLEN HENRY CHOY, LLC, | ) | Case No. 09-00429-HAR |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION

On January 18, 2010 the Debtor filed its proposed First Amended Plan of Reorganization (hereafter the "Plan") and its First Amended Disclosure Statement. Corrected versions of these documents were filed January 26, 2010. On January 25, 2010 this Court entered its Order Conditionally Approving Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of the Plan, and Fixing The Time for Filing Objections to the Disclosure Statement and to the Confirmation of the Plan, Combined with Notice Thereof. On January 29, 2010 the Plan and Disclosure Statement, together with a copy of this Court's order of January 25, 2010 (Docket # 65) were mailed to all creditors listed on the Court's master mailing list. In addition a ballot for voting on the Plan was mailed to Northrim Bank and Wells Fargo Bank, the only creditors entitled to vote on the Plan.

On March 1, 2010 the Court held a hearing on approval of the First Amended Disclosure Statement and confirmation of the Plan, at which hearing the Court considered testimony from Allen Henry Choy, managing member of the Debtor, and other evidence in

Findings and Conclusions Regarding Disclosure Statement and Plan – Page 1

support of the Plan, and testimony and other evidence from Rosalinde Robertson, a member of the Debtor, Tommy Michael Briggs and Christopher Winters, contested members of the Debtor, in support of their objection to the Disclosure Statement and to confirmation of the Plan. Northrim Bank offered exhibits in support of confirmation of the Plan.

The Court now enters its findings of fact and conclusions of law.

1. Adequate and sufficient notice of the First Amended Disclosure Statement has been given. The objection to the First Amended Disclosure Statement is overruled and the First Amended Disclosure Statement is approved.

2. The Plan (DN 66) complies with the applicable provisions of the Bankruptcy Code.

3. The Debtor has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the First Amended Disclosure Statement, the Plan and related documents and in soliciting and providing for tabulation of votes on the Plan.

4. The Plan has been proposed in good faith and not by any means forbidden by law.

5. All payments made by the Debtor for services or costs and expenses in, on in connection with, the Plan and incident to this case have been approved by, or are subject to approval of, this Court.

6. Each holder of a claim or interest will receive under the Plan on account of such claim or interest value not less than such creditor would receive in a Chapter 7 proceeding under the Bankruptcy Code.

7. The Plan provides for payment of priority creditors in full on the effective date of the Plan.

8. The Plan has been accepted by secured creditors in Classes 4, 5 and 6, all of which are impaired. Accordingly the Plan satisfies Section 1129 (a)(10) of the Bankruptcy Code.

9. Unsecured creditors in Class 1 are receiving no payment under the Plan, and accordingly the Plan needs to satisfy Section 1129 (b) of the Bankruptcy Code. The Plan does satisfy Section 1129 (b)(2)(B)(ii) of the Bankruptcy Code because under the Plan all interests of the members of the Debtor are being extinguished and the membership interests are junior to the unsecured creditors.

10. The Plan satisfies Section 1129 (a)(9) of the Bankruptcy Code. Administrative creditors (11 U.S.C. § 507 (a)(2)) will be paid in cash or upon court approval, except to the extent that the holders have agreed otherwise. There are no wage or employee benefit plan creditors.

11. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan.

12. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date of the Plan.

13. The Debtor is not obligated to pay any retirement benefits.

14. While there is evidence to support their contention that Briggs and Winters were promised some membership interests in the Debtor, it is not necessary for the Court to resolve this issue because all the membership interests in the Debtor are being extinguished under the Plan and the members will receive and retain nothing on account of such interests, so Briggs and Winters would gain nothing by such membership.

Dated this 9th day of March, 2010.

      /s/ Herb Ross
Herbert A. Ross
United States Bankruptcy Judge

Approved:

GROH EGGERS, LLC
Attorneys for Northrim Bank

/s/Dennis G. Fenerty
Dennis G. Fenerty


Serve:
D. Bundy, Esq.
D. Fenerty, Esq.
W. Artus, Esq.
K. Hill, Esq., Asst. U.S. Trustee


03/09/10